BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 15 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE NATURAL GAS LIQUIDS REGULATION ) DOCKET NO. 278
LITIGATION )

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM, CHAIRMAN AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIGEL*, AND ANDREW A CAFFREY**, JUDGES OF THE PANEL

---

PER CURIAM

I. BACKGROUND

This litigation consists of eleven actions pending in four districts -- six in the Eastern District of Michigan, two in the Northern District of Texas, two in the Northern District of Illinois, and one in the Northern District of Oklahoma. The actions involve challenges to the statutory authority of the Federal Energy Administration (FEA) to regulate natural gas liquids and/or requests for judicial review of certain FEA orders relating to the allocation or pricing of natural gas liquids. The defendants in all actions are the FEA and its director.

"Natural gas liquids" is a term that is not uniformly defined. Generally, the term refers to a variety of heavier hydrocarbons that are found along with lighter hydrocarbons such as natural gas in reservoirs. Upon removal from the ground, the natural gas liquids can be separated from the lighter

---

*Judge Weigel was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.
**Judge Caffrey recused himself and took no part in the consideration or decision of this matter.

hydrocarbons. Natural gas liquids can be used as a feedstock for the manufacture of synthetic natural gas or as a feedstock for the manufacture of petrochemicals, such as plastics, synthetic fibers and paints. Natural gas liquids can also be separated into constituent products, which include propane and butane. Propane and butane, as well as other products derived from natural gas liquids, can also be produced by refining crude oil. A particular product refined from crude oil is identical to and is often commingled with a particular product derived from natural gas liquids. Manufacturers of synthetic natural gas and manufacturers of petrochemicals are sometimes competitors for supplies of these products.

A. Eastern District of Michigan Actions

The plaintiffs in five of the six Michigan actions are purchasers of natural gas liquids or products derived therefrom. Plaintiff in the other action is a Michigan state agency having regulatory authority over the state's utilities. Plaintiffs in the six Michigan actions seek review of certain orders of the FEA that relate to the allocation of natural gas liquids to Consumers Power Co. for use as a feedstock in the production of synthetic natural gas. Plaintiffs in five of the six Michigan actions originally sought, inter alia, a declaratory judgment that the FEA lacked the statutory authority to regulate natural gas liquids and that the FEA orders regulating the availability of natural gas liquids to Consumers Power

were therefore null and void.  The Michigan court, however, has ruled that the FEA does have the statutory authority to regulate natural gas liquids.  Plaintiffs in the sixth Michigan action (<u>Celanese</u>) are petrochemical manufacturers which challenge the same orders of the FEA that are involved in the other five Michigan actions on the grounds that the allocation granted to Consumers Power denies plaintiffs in <u>Celanese</u> an equitable distribution of allocated products.  Several of the Michigan actions also contain allegations that the FEA's conduct constitutes a taking of Consumers Power's property in violation of the fifth amendment; that the FEA failed to give proper notice of the proceedings leading up to the decisions and orders in question and that those proceedings were conducted in an improper manner; that the FEA's conduct constitutes an infringement of vested contractual rights; and that the FEA failed to prepare an environmental impact statement or an economic impact analysis in connection with the orders.

B.  <u>Northern District of Illinois Actions</u>

Plaintiffs in the two Illinois actions seek review of certain orders of the FEA that relate to the allocation of natural gas liquids to Northern Illinois Gas Co. for use as a feedstock in the production of synthetic natural gas. Northern Illinois Gas, plaintiff in one of the Illinois actions, seeks a declaratory judgment that the FEA lacks statutory authority to allocate or otherwise regulate Northern Illinois Gas' use of natural gas liquids.  Northern

Illinois Gas also alleges that the FEA's orders interfere with the jurisdiction of the Illinois Commerce Commission to regulate intrastate sales of natural gas; that the FEA failed to prepare an environmental impact statement in connection with the orders; and that the orders are arbitrary, capricious, and unsupported by substantial evidence. The plaintiffs in the other Illinois action are petrochemical manufacturers which challenge the FEA orders on the grounds that the allocation granted to Northern Illinois Gas denies these plaintiffs an equitable distribution of allocated products.

C. <u>Northern District of Texas Actions</u>

Plaintiffs in the two Texas actions are producers of natural gas liquids. These plaintiffs seek a declaratory judgment that the FEA lacks statutory authority to regulate the pricing of natural gas liquids. Phillips Petroleum Co., plaintiff in one of these two actions, further challenges the statutory authority of the FEA to regulate the pricing of products derived from natural gas liquids. In the event the FEA is found to have authority to regulate pricing of natural gas liquids, Phillips then challenges the valuation procedures used by the FEA to determine base period prices and current prices, which are used in calculating what costs can be passed through to customers. Phillips asks that the FEA's valuation procedure be invalidated and that the cost justification method used by Phillips be approved.

D. <u>Northern District of Oklahoma Action</u>

The plaintiff in this action, Cities Service Co., is a producer of natural gas liquids. Plaintiff challenges the statutory authority of the FEA to regulate pricing of natural gas liquids and products derived therefrom.

II. <u>DECISION OF THE PANEL</u>

Pursuant to 28 U.S.C. §1407(c)(i) and Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975), the Panel issued an order to show cause why these eleven actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings.[1] All responding parties oppose transfer, except one party which does not express a position on the question of transfer. We find that these actions share few if any common questions of fact and that their transfer under Section 1407 would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions. Accordingly, we deny transfer.

Although the Panel has the power to order transfer in multidistrict litigation even if no party favors transfer, <u>In re Asbestos and Asbestos Insulation Material Products Liability Litigation</u>, ____ F. Supp. ____, ____ (J.P.M.L.,

---

[1] An additional action, Mobil Oil Corp. v. Federal Energy Administration, et al., N. D. Texas, Civil Action No. CA3-75-0527, was included in the show cause order but has since been dismissed on a motion by defendants for summary judgment. The sole issue in that action was whether the FEA had the statutory authority to regulate the pricing and allocation of natural gas liquids, and the court ruled that the FEA did have that authority.
  Also, defendants informed the Panel of other actions too late for possible inclusion in the Panel's hearing on this matter. <u>See</u> Rule 10(d), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

filed April 7, 1977), we are persuaded by the parties' arguments that transfer is inappropriate here. The principal aspect which these actions have in common is the legal question of the FEA's statutory authority to regulate natural gas liquids. That issue has already been resolved regarding the Michigan actions. The Oklahoma action and one of the two Texas actions (Dorchester) involve no other issues and the remaining issues involved in the other actions before us are predominantly unique to the actions pending within each district. The remaining issues in the Michigan actions compared to those in the Illinois actions involve review of different FEA orders that allocated natural gas liquids to two different utilities for use as feedstocks in the manufacture of synthetic natural gas. Distinct agency records and other documents will therefore be relevant to each of those groups of actions. The remaining issues in the second Texas action (Phillips) involve the rationality of specific FEA pricing procedures which are not involved in any of the other actions. Hence, since these actions raise a common question of law and share few, if any, common questions of fact, transfer under Section 1407 is unwarranted. See In re U.S. Navy Variable Reenlistment Bonus Litigation, 407 F. Supp. 1405, 1407 (J.P.M.L. 1976); In re Eastern Airlines, Inc. Flight Attendant Weight Program Litigation, 391 F. Supp. 763, 764 (J.P.M.L. 1975).

Furthermore, we note that all appeals, if any, in these actions would fall within the exclusive jurisdiction of the Temporary Emergency Court of Appeals. Economic Stabilization Act of 1970, §211(b)(2), set out as a note under 12 U.S.C. §1904; Emergency Petroleum Allocation Act of 1973, 15 U.S.C. §754(a)(1); Federal Energy Administration Act of 1974, 15 U.S.C. §766(i)(2)(A). Thus, there is no danger of conflicting appellate determinations on the common legal question.

IT IS THEREFORE ORDERED that the order to show cause regarding the actions listed on the following Schedule A be, and the same hereby is, VACATED.

## SCHEDULE A

## Docket No. 278

| EASTERN DISTRICT OF MICHIGAN | Civil Action No. |
|---|---|
| Celanese Corp., et al. v. Federal Energy Administration, et al. | 76-70499 |
| Consumers Power Co. v. Federal Energy Administration, et al. | 75-72000 |
| Lowell Light & Power Board, v. Federal Energy Administration, et al. | 75-72030 |
| The Dow Chemical Co. v. Federal Energy Administration, et al. | 75-72093 |
| Owens-Illinois, Inc. v. Federal Energy Administration, et al. | 75-72104 |
| Michigan Public Service Commission v. Federal Energy Administration, et al. | 75-72171 |

### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Cities Service Co. v. Federal Energy Administration, et al. | 76-C-237 |

### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Northern Illinois Gas Co. v. Federal Energy Administration, et al. | 75C3813 |
| Celanese Corp., et al. v. Federal Energy Administration, et al. | 76C1116 |

### NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Dorchester Gas Producing Co. et al. v. Federal Energy Administration, et al. | CA2-75-134 |
| Phillips Petroleum Co. v. Federal Energy Administration, et al. | CA2-76-74 |